IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Ali Piñeda, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:15-CV-693 |
| | ) |
| vs. | ) |
| | ) |
| Hamilton County, et al., | ) |
| | ) |
| | ) |
| Defendant. | ) |

O R D E R

This matter is before the Court on the motion to dismiss filed by Defendants Hamilton County, Sheriff James Neil, the Hamilton County Sheriff's Department, Roy Berry, Jr., Gene Nobles, and William Cotton. Doc. No. 9. For the reasons that follow, Defendants' motion to dismiss is well-taken and is **GRANTED**.

I. Background

For purposes of the pending motion, the Court accepts the following factual allegations from the complaint as being true.

Plaintiff Ali Piñeda is of Honduran descent. Complaint ¶ 6. Plaintiff alleges that on the night of November 10, 2013, he was leaving the Inner Circle nightclub in Cincinnati when a fight broke out between some patrons and three Hamilton County Sheriff's Deputies, Defendants Roy Berry, William Cotton, and Gene Nobles. Id. Plaintiff was not a participant in the fight. Id. The deputies were evidently on a private security detail but were wearing their county-issued uniforms, badges, and weapons. Id. ¶ 17.

1

Plaintiff alleges that although he was not involved in the fight, one of the deputies struck him in the head with a department-issued baton. Id. ¶ 18. He alleges that the other deputies failed to prevent the alleged assault. Id. The blow to the head left Plaintiff unconscious and bleeding. Id. Plaintiff alleges that bystanders tried to assist him but that the deputies ordered them to leave the scene and threatened to arrest those who refused to comply. Id. ¶ 19. Shortly thereafter, the deputies themselves left the scene, without providing any assistance to Plaintiff. Id. ¶ 20.

Another bystander called 911 to report that Plaintiff was lying on the ground and bleeding heavily from his head. Defendant Jeffrey Gramke, a Cincinnati police officer, was dispatched to the scene as part of the response. Id. ¶ 21. The complaint alleges on information and belief that Gramke communicated with Berry, Cotton, and Nobles about the incident for the purpose of creating a false report to conceal the alleged excessive use of force by the deputies. Id. ¶ 22. The complaint then alleges that Gramke refused to take any witness statements and created a false report indicating that Plaintiff had been assaulted by a bouncer at the bar and suffered only a chipped tooth. Id. ¶¶ 23-14. Additionally, the report indicated that Sheriff's deputies were on the scene but failed to identify them. Id. ¶ 23. It actuality, Plaintiff sustained a serious head injury and had to be transported to University Hospital for treatment. Id. ¶ 25. Plaintiff's injuries are permanent and disabling. Id. ¶ 27.

The complaint alleges that the Hamilton County Sheriff's Department never conducted an investigation into the deputies' actions that night. Id. ¶ 28. In fact, the complaint alleges, the Sheriff's Department did not generate any records or reports concerning the incident despite being aware of it. Id.

Finally, the complaint alleges that Hamilton County, the Sheriff, the Sheriff's Department, and the Inner Circle bar were all aware that Cotton and Berry had previously been accused of excessive use of force while providing security at the Inner Circle bar but nevertheless allowed them to continue working there. Additionally, the complaint alleges that Cotton had been suspended from duty on several occasions. Complaint ¶¶ 29-31.

In October 2015, Plaintiff filed a complaint against the Defendants asserting federal claims pursuant to 42 U.S.C. §§ 1983 and 1985 and a state law claim for negligence.

Count 1, arising under § 1983, alleges that Defendants Berry, Cotton, and Nobles used excessive force against Plaintiff in violation of his rights under the Fourth and Fourteenth Amendments. Count 1 further alleges that the deputies' wrongful conduct occurred because the Sheriff, the Sheriff's Department, and Hamilton County have a custom, policy, or practice that permits the excessive use of force against Hispanic persons to go unchallenged and uninvestigated. Count 1 also alleges that the Sheriff, the Sheriff's Department, and Hamilton County failed to protect the public by allowing Berry and Cotton to continue their employment as deputies and by allowing them to continue to provide security at the Inner Circle bar. Plaintiff sues the individual Defendants in both their individual and official capacities and the Sheriff in his official capacity only.

Count 2, also arising under § 1983, and Counts 3 and 4, which arise under 42 U.S.C. § 1985, are substantially the same. These counts allege that Cotton, Berry, Nobles and Gramke all conspired to conceal the deputies' alleged used of excessive force against Plaintiff and that they conspired to deny Plaintiff the equal protection of laws because of his race and national origin.

3

Count 5 is a state law claim for negligence. Specifically, Count 5 alleges that the Sheriff, the Sheriff's Department, and Hamilton County negligently retained Berry, Cotton, and Nobles as deputies and the County Defendants and the Inner Circle bar negligently retained the deputies to provide security at the bar.

Defendants Hamilton County, the Sheriff, the Sheriff's Department, Berry, Nobles, and Cotton now move to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6). Defendants' motion is fully briefed and the Court will take up the issues presented therein below.

## II. Standard of Review

A motion to dismiss for failure to state a claim operates to test the sufficiency of the complaint. The court must construe the complaint in the light most favorable to Plaintiff, and accept as true all well-pleaded factual allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The court need not accept as true legal conclusions or unwarranted factual inferences. Lewis v. ACB Business Servs., Inc., 135 F.3d 389, 405 (6th Cir. 1998).

The complaint, however, must contain more than labels, conclusions, and formulaic recitations of the elements of the claim. Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The factual allegations of the complaint must be sufficient to raise the right to relief above the speculative level. Id. Nevertheless, the complaint is still only required to contain a short, plain statement of the claim indicating that the pleader is entitled to relief. Id. (citing Erickson v. Pardus, 551 U.S. 89, 93 (2007)). Specific facts are not necessary and the pleader is only required to give fair notice of the claim and the grounds upon which it rests.

Id. To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Mere conclusions, however, are not entitled to the assumption of truth. Id. at 678-89. A claim is facially plausible if it contains content which allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 678. Plausibility is not the same as probability, but the complaint must plead more than a possibility that the defendant has acted unlawfully. Id. If the complaint pleads conduct which is only consistent with the defendant's liability, it fails to state a plausible claim for relief. Id.

### III. Analysis

#### A. The Individual Deputies

Defendants Berry, Cotton, and Nobles argue that the complaint lacks sufficient factual allegations demonstrating how each of them allegedly violated Plaintiff's constitutional rights. They point out, for example, that the complaint fails to specify which one of them allegedly struck Plaintiff and how the others failed to prevent the alleged assault. Defendants also argue that Plaintiff's conspiracy allegations are speculative, conclusory, and lack factual specificity. Defendants say they do not understand, for example, how they could have falsified a report they did not create.

Plaintiff, however, thinks that the complaint is sufficiently pled. Plaintiff argues that he cannot be blamed for not knowing who hit him since he was knocked to the ground and was bleeding from the blow to his head. He argues that he should be permitted discovery to identify who struck him. He also contends that he sufficiently alleged facts showing that the other deputies failed to intervene to prevent the alleged attack and that they failed to

provide medical assistance to him. Therefore, Plaintiff contends, he has sufficiently alleged an excessive use of force claim. Plaintiff also contends that he alleged sufficient facts to show that the individual defendants conspired to violate his constitutional rights. He points out, for example, that Gramke and the deputies allegedly communicated with each other for the purpose of creating a false report of the incident in order to conceal the alleged excessive use of force. Plaintiff argues further that he has sufficiently alleged that the individual defendants were motivated to conspire against him for unconstitutional reasons.

The Court, however, observes a number of fundamental defects with Plaintiff's excessive use of force and conspiracy claims.

First, the complaint does not plausibly allege that any of the deputies intentionally struck Plaintiff. In order to state a Fourth Amendment excessive use of force violation, there must have been an intentional seizure of the plaintiff by the police officers. See Rodriguez v. Passinault, 637 F.3d 675, 683 (6th Cir. 2011) ("[A] [v]iolation of the Fourth Amendment requires an intentional acquisition of physical control."). If police officers inadvertently inflict physical injuries on an innocent third-party plaintiff while attempting to seize a perpetrator, there was no "seizure" of the plaintiff within the meaning of the Fourth Amendment. Claybrook v. Birchwell, 199 F.3d 350, 359 (6th Cir. 2000). Rather, in such a case, the plaintiff's claim is analyzed according to substantive due process principles under the Fourteenth Amendment. Id. Under substantive due process, police officers will only be liable to the plaintiff for conduct that "shocks the conscience." Id. If the state official has time to deliberate among various alternatives before selecting a course of action, then his actions will shock the conscience if he was deliberately indifferent to the plaintiff's federally protected rights. Id. If the state official's actions occurred in the context

of a rapidly evolving, fluid, and dangerous predicament that precludes reflective deliberation, then the official's conduct will shock the conscience if he applied force maliciously and sadistically for the very purpose of causing harm, rather than in a good faith effort to restore order.  Id.

In this case, the complaint alleges only that a fight broke out at the bar, that Plaintiff was not involved in the fight, and that one of the deputies struck him in the head with a baton.  The complaint, however, does not allege facts showing that any of the deputies intentionally struck Plaintiff or intended in any way to seize him.  The facts alleged, rather, only plausibly suggest that one of the deputies accidentally struck Plaintiff in the course of trying to break up the fight involving the other patrons.  Consequently, the complaint indicates a Fourteenth Amendment substantive due process claim rather than a Fourth Amendment excessive use of force claim.  The complaint, nevertheless, fails to allege any facts demonstrating that the deputies engaged in conduct that shocks the conscience.  For instance, the complaint does not allege facts showing that the deputies acted maliciously and with the very purpose of causing harm to Plaintiff.  On the whole, as pled, the complaint fails to plausibly state either a Fourth or Fourteenth Amendment claim related to the actual application of force by the deputies.

Second, the complaint fails to allege facts sufficient to state a claim that the other two deputies failed to protect Plaintiff from the alleged assault of the deputy who actually hit Plaintiff.  In order to state a claim for failure to intervene and/or for failure to protect, the complaint must allege facts showing that the officer observed or had reason to know that excessive force would be or was being used and that the officer had both the opportunity and the means to prevent the harm from occurring.  Amerson v. Waterford Twp., 562 Fed.

7

Appx. 484, 489 (6th Cir. 2014). Here, the complaint does not allege facts showing that any of the deputies knew that excessive force would be used or that any of them had the opportunity and means to prevent the harm from occurring. Again, the complaint alleges only that a fight broke out and that one of the deputies struck Plaintiff with a baton in the course of breaking up the fight. The facts alleged are consistent only with a sudden application of force by one of the deputies which the other two could not have anticipated or prevented. Consequently, the complaint fails to state a claim for failure to protect and/or for failure to intervene. Cf. id. at 490 ("Mahoney had no opportunity to prevent the alleged use of force, given that the alleged events took place quickly and without any forewarning."); Ontha v. Rutherford County, 222 Fed. Appx. 498, 506 (6th Cir. 2007)("[T]he courts have been unwilling to impose a duty to intervene where, as here, an entire incident unfolds in a matter of seconds.")(internal quotation marks omitted).

Third, assuming the complaint alleges that Berry, Cotton, Nobles, and Gramke conspired to file a false incident report, it does not allege facts showing that Plaintiff suffered any constitutional injury resulting from the false report itself. The mere fact that police officers conspired to prepare and file a false report is not actionable under § 1983 unless some action is taken on the report which violates the plaintiff's constitutional rights, Landrigan v. City of Warwick, 628 F.2d 736, 744-45 (1st Cir. 1980),[1] or results in the denial of the plaintiff's access to the courts. Swekel v. City of River Rouge, 119 F.3d 1259, 1261-

---

[1] See also Landrigan, 682 F.2d at 744 ("For purposes of damages at least, we do not see how a false police report, sitting in a drawer in a police station, by itself deprives a person of a right secured by the Constitution and laws."); cf. Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1327 (11th Cir. 2015) (plaintiff stated a constitutional violation because officers' conspiracy to file false police report resulted in plaintiff's unlawful incarceration).

8

64 (6th Cir. 1997); Gibson v. City of Chicago, 910 F.2d 1510, 1523-24 (7th Cir. 1990). The facts alleged in the complaint show that Plaintiff was not arrested or charged with any crime as a result of the alleged false report. Moreover, the false report did not result in the denial of Plaintiff's access to the courts or in the spoliation of evidence since he was certainly aware of the extent of his own injuries and learned the identities of the officers involved in the incident. Consequently, the complaint fails to state a § 1983 conspiracy claim.

Fourth, Plaintiff's § 1983 and § 1985 claims in Counts 2, 3, and 4 alleging that individual defendants conspired to conceal the alleged excessive use of force because of his race and national origin are also insufficient. These claims rely on the same facts concerning the alleged cover-up and failure to investigate the alleged excessive use of force with the added allegations that the individual Defendants denied Plaintiff equal protection because of his race and national origin. These conspiracy claims require the Plaintiff to show that the Defendants conspired to deny him equal protection because of class-based animus. Vakilian v. Shaw, 335 F.3d 509, 518-19 (6th Cir. 2003). Although the complaint alleges that the Defendants conspired against Plaintiff and that Plaintiff is a member of protected race and national origin groups, the complaint fails to allege facts sufficient to plausibly infer that the Defendants conspired against Plaintiff because of class-based animus. Plaintiff's conclusory allegations that the Defendants conspired to deny him equal protection because of his race and national origin are insufficient to state a violation. See Nali v. Ekman, 355 Fed. Appx. 909, 912-13 (6th Cir. 2009)("[A] complaint that includes conclusory allegations of discriminatory intent without additional supporting details does not sufficiently show that the pleader is entitled to relief."); see also Downs v. Bel Brands USA, Inc., 613 Fed. Appx. 515, 519 (6th Cir. 2015) (bare allegation that defendant terminated

plaintiff "due to his age" insufficient to state claim for age discrimination); Han v. University of Dayton, 541 Fed. Appx. 622, 626-27 (6th Cir. 2013) (plaintiff failed to plead plausible claims for race and gender discrimination where he alleged only his race and gender, that he was given a bad evaluation, and fired by employer).

Accordingly, for all of these reasons, the Court concludes that the complaint fails to state claims for constitutional violations against Defendants Cotton, Berry and Nobles.

### B. County Defendants

Hamilton County, the Sheriff, and the Sheriff's Department argue that the complaint should be dismissed because it fails to allege facts showing that Plaintiff suffered an injury as a result of a custom, policy, or practice of the County. They contend that the complaint contains only conclusory allegations that Plaintiff was injured as a result of an official custom, policy, or practice. The Court agrees.

First, however, as just explained, the complaint fails to plead facts sufficient to demonstrate that the individual deputies violated Plaintiff's constitutional rights. Therefore, Plaintiff's claims against the County Defendants are subject to dismissal for failure to plead an underlying constitutional violation. Wilson v. Morgan, 477 F.3d 326, 340 (6th Cir. 2007).

Second, even if the complaint sufficiently pleads an underlying constitutional violation, it fails to plead sufficient facts to show that Plaintiff's rights were violated as a result of an official custom, policy or practice of the County Defendants. They correctly argue that the complaint makes only conclusory allegations of such a policy.

Plaintiff first alleges that the County Defendants have a policy of deliberate indifference concerning the use of excessive force against individuals of Hispanic descent. In order to plead a claim against a municipality based on deliberate indifference, the

10

complaint must allege facts showing a pattern of misconduct directed toward the protected group by its employees. Doe v. Claiborne County, 103 F.3d 495, 508 (6th Cir. 1996) (proving a municipal policy of deliberate indifference requires a clear and persistent pattern of misconduct by employees); Thomas v. City of Chattanooga, 398 F.3d 426, 432-33 (6th Cir. 2005)(plaintiff cannot establish municipal policy based on one example of misconduct). The complaint fails to plead facts demonstrating a clear and persistent pattern of use of excessive force against Hispanic individuals by Hamilton County Sheriff's Deputies. Consequently, the complaint fails to allege that Plaintiff was injured as a result of a municipal custom, policy or practice.

Plaintiff next alleges that the County Defendants failed to protect him by continuing to employ Deputies Berry and Cotton and continuing to utilize them as a security detail at the Inner Circle bar. In order to hold a municipality liable under § 1983 for hiring and retaining a police officer, the plaintiff must plead facts demonstrating that the municipality disregarded a risk that it was highly likely that employing the particular officer would result in the officer causing the particular constitutional violation. Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 411-12 (1997). "The connection between the background of the particular [employee] and the specific constitutional violation must be strong." Id. at 412.

In this case, Plaintiff has not pled facts demonstrating that the County Defendants disregarded a risk that continuing to employ Berry and Cotton and utilizing them on security details would be highly likely to result in them employing excessive force against someone. To be sure, the complaint alleges that Cotton has been sued for excessive use of force for another incident at the Inner Circle bar, but as Defendants correctly mention in their reply

11

brief, that lawsuit is still pending and there has been no actual finding of fact that Cotton violated that plaintiff's rights. See Curry v. Cotton, ___Fed. Appx.___, No. 15-3562, 2016 WL 364761, at *6 (6th Cir. Jan. 27, 2016) ("To the extent Cotton argues that he did not use force while Curry posed no threat, we dismiss the appeal because it raises a factual, rather than a legal, challenge."). This single, unresolved lawsuit is insufficient to establish that the County Defendants disregarded a risk that Cotton would use excessive force against someone else. See Thomas, 398 F.3d at 432-33. The complaint also alleges that Cotton was suspended on several other occasions, but does not say why he was suspended. Thus, the complaint fails to draw any connection at all between Cotton's disciplinary record and his alleged excessive use of force against Plaintiff. The complaint alleges that Berry was once accused of using excessive force, but completely omits any allegations that he was found responsible for using excessive force in the past or that his disciplinary record shows that it was highly likely that he would use excessive force against another person.

Consequently, the complaint fails to allege sufficient facts to show that the County Defendants disregarded a risk that Cotton and Berry would use excessive force against another person. Therefore, the complaint fails to allege the existence of an official municipal hiring or retention policy that resulted in a violation of Plaintiff's right to be free from excessive force.

Accordingly, for all of the above reasons, the County Defendants are entitled to dismissal of Plaintiff's constitutional claims against them.

### C. State Political Subdivision Immunity

Defendants finally argue that they are entitled to state political subdivision immunity on Plaintiff's negligence claim. Plaintiff does not oppose dismissal of this claim. Doc. No. 10, at 2 n.2. Accordingly, Defendants' motion to dismiss this claim is well-taken.

### Conclusion

For the reasons stated, Plaintiff has not alleged sufficient facts to plausibly infer that any of moving Defendants violated his constitutional rights.[2] Having reached this conclusion, the Court need not address the whether any of the individual movants are entitled to qualified immunity from suit. Defendants' motion to dismiss is well-taken and is **GRANTED.** Plaintiff's claims against these Defendants is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**

Date March 14, 2016                             s/Sandra S. Beckwith
                                                                    Sandra S. Beckwith
                                                      Senior United States District Judge

---

[2] It is not entirely clear whether Plaintiff is also asserting a stand-alone claim that the individual deputies were deliberately indifferent to his serious medical needs. The complaint's statement of facts mentions that the deputies did not provide medical assistance to Plaintiff and left the scene shortly after he was struck with the baton, but these facts are not referenced again in the actual statement of the alleged constitutional violations in Counts 1 through 4. To the extent the Court has misapprehended the complaint, it would permit Plaintiff to file an amended complaint to attempt to more clearly assert such a claim. Fed. R. Civ. P. 15(a)(2).