**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Ali Piñeda, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:15-CV-693 |
| | ) |
| vs. | ) |
| | ) |
| Hamilton County, <u>et al.</u>, | ) |
| | ) |
| | ) |
| Defendant. | ) |

O R D E R

This matter is before the Court on objections to Magistrate Judge Bowman's order granting Plaintiff leave to amend his complaint (Doc. No. 28) filed by Defendants Hamilton County, Ohio, the Hamilton County Sheriff's Department, Hamilton County Sheriff James Neil, and Hamilton County Sheriff's Deputies Roy Berry, Gene Nobles, and William Cotton. Also before the Court is a motion to dismiss Plaintiff's amended complaint filed by the same defendants. Doc. No. 32.

This case has morphed into a difficult procedural posture. In October 2015, Plaintiff Ali Piñeda filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging, among other things, that Hamilton County Sheriff's Deputies Roy Berry, Gene Nobles, and William Cotton used excessive force when one of them allegedly struck him in the head with a baton while they were breaking up a fight at the Inner Circle nightclub. The deputies were working on a private security detail at the time. Plaintiff also sued Hamilton County, the Hamilton County Sheriff's Department, Hamilton County Sheriff James Neil, the Inner Circle nightclub, and Cincinnati Police Officer Jeffrey Gramke. The complaint alleged excessive

1

use of force and failure to protect claims against the deputies and various conspiracy claims against the deputies and Officer Gramke.  The complaint also alleged that Plaintiff's injuries arose from an official custom or policy of Hamilton County, the Sheriff's Department and/or the Sheriff to tolerate the excessive use of force against Hispanic persons.  The complaint also alleged that Hamilton County, the Sheriff's Department and/or the Sheriff failed to protect the public by allowing these deputies to work private security details. Finally, the complaint asserted a state law negligence claim against the Inner Circle, Hamilton County, the Sheriff's Department and the Sheriff for hiring and retaining the deputies despite knowing that they were incompetent to be deputies and to provide security to the nightclub.

In March 2016, the Court issued an order (Doc. No. 13) granting a Rule 12(b)(6) motion filed by the Hamilton County Defendants.  As to the excessive use of force claim, the Court ruled that the complaint only alleged facts demonstrating that the one of the deputies inadvertently struck Plaintiff.  In such a situation, there is no seizure of the Plaintiff within the meaning of the Fourth Amendment.  The Court ruled further that the complaint failed to alleged facts demonstrating that the deputies' conduct shocks the conscience because, again, the facts only plausibly showed that they inadvertently struck Plaintiff in the course of breaking up the fight among the other patrons.  The Court also ruled that the complaint failed to allege sufficient facts to support a failure to protect claim because it did not show that any of the deputies knew excessive force would be used or that any of them had the means and opportunity to prevent the harm from occurring.  The Court also dismissed Plaintiff's conspiracy claims for failure to plead facts showing that the deputies conspired against him because of class-based animus.

The Court also dismissed Plaintiff's claims against the County Defendants. The basis for this decision was twofold. First, the Court concluded that the County Defendants were entitled to dismissal because the complaint failed to demonstrate an underlying constitutional violation. Second, the Court found that the complaint only contained conclusory allegations that Plaintiff was injured as a result of an official custom or policy of the County. As regards Plaintiff's claim that the County disregarded a risk that it was highly likely that employing the deputies would result in an injury to someone, the Court found that the mere fact that Deputies Berry and Cotton had been sued for excessive use of force for another incident at the Inner Circle was insufficient to state a claim. The Court also noted that the complaint failed to draw a connection between Deputy Cotton's disciplinary record and his alleged use of excessive force against Plaintiff.

Plaintiff did not oppose dismissal of his state law negligence claim against these Defendants. Consequently, the Court granted Defendants' motion to dismiss all of Plaintiff's claims against the County, the Sheriff, and the individual deputies. In doing so, however, the Court observed that the complaint did contain facts suggesting that the deputies were deliberately indifferent to Plaintiff's serious medical needs. The Court, therefore, granted Plaintiff leave to file an amended complaint to more clearly assert such a claim.

After the Court entered its order granting the motion to dismiss, Plaintiff and Officer Gramke entered a joint discovery plan/Rule 26(f) report in which they both consented to Magistrate Judge Bowman's assumption of jurisdiction over the case pursuant to 28 U.S.C. § 636(c). Doc. No. 15. It is not clear from the entry whether the Inner Circle consented to

3

Judge Bowman's jurisdiction. In any event, on April 5, 2016, the Court entered an order referring the entire case to Judge Bowman pursuant to § 636(c). Doc. No. 19.

On April 11, 2016, Plaintiff filed a motion under Rule 59 to amend the Court's judgment and a motion to amend the complaint. Doc. No. 22. Plaintiff sought leave to clarify his excessive force allegations that one of the deputies intentionally struck him with a baton. Plaintiff also sought to clarify his failure to protect claims against the deputies. Plaintiff also stated that he had recently discovered evidence supporting his excessive force claim against the deputies as well as to support his ratification/failure to investigate claim against the County. Finally, Plaintiff sought to add a claim against the deputies for failure to provide medical care that the Court recognized in the original complaint.

On June 23, 2016, Judge Bowman held a hearing on Plaintiff's Rule 59 motion/motion for leave to amend. Doc. No. 27. Counsel for the County Defendants appeared to argue against Plaintiff's motion but the transcript of the hearing indicates that they adequately preserved an objection to Judge Bowman's assumption of jurisdiction over the case. At the conclusion of the hearing, Judge Bowman orally granted Plaintiff's motion for leave to amend the complaint.

On July 6, 2016, the County Defendants filed an objection to Judge Bowman's order granting Plaintiff leave to amend. Plaintiff filed his amended complaint (Doc. No. 29) the same day. On July 7, 2016, the County Defendants filed a notice that they do not consent to Judge Bowman's jurisdiction over the case. Doc. No. 31. On July 20, 2016, Defendants filed a motion to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6). Doc. No. 32. Briefing on the County Defendants' motion to dismiss the amended complaint is now complete.

The Court first concludes that the County Defendants adequately preserved an objection to Magistrate Judge Bowman's jurisdiction over the case. The hearing transcript shows that Judge Bowman acknowledged that all parties must consent to her jurisdiction and that the County Defendants had not at that point given such consent. Counsel for the County Defendants argued against the motion but did not affirmatively consent to Judge Bowman's jurisdiction. Additionally, at the conclusion of the hearing, Judge Bowman asked the parties to meet and confer whether the County Defendants would consent to her jurisdiction. See Doc. No. 36 (Hearing Transcript), at 9-11, 19, 21-22. It seems clear, therefore, that at the conclusion of the hearing, the issue of Judge Bowman's jurisdiction was still an open question. The Court, therefore, concludes that the County Defendants have not explicitly or implicitly consented to Judge Bowman's jurisdiction over the case. Cf. Roell v. Withrow, 538 U.S. 580 (2003) (holding that consent to magistrate judge's jurisdiction under § 636 can be inferred from party's conduct).

Accordingly, the Court will treat Judge Bowman's oral ruling granting Plaintiff's Rule 59 motion and motion for leave to amend the complaint as a report and recommendation that the Court grant these motions. Because Judge Bowman's order would revive claims previously dismissed by the Court, it is addressed to a dispositive matter. Therefore, the Court will review Judge Bowman's order granting leave to amend de novo pursuant to Fed. R. Civ. P. 72(b).

    A. Plaintiff's Rule 59 Motion/Motion for Leave to Amend the Complaint

After judgment has been entered, the district court may grant the plaintiff leave to amend the complaint subject to the requirements of Rules 59 or 60 of the Federal Rules of Civil Procedure. Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 616

(6th Cir. 2010).  Under Rule 59(e), the district court may alter or amend a judgment based on a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice.  Id. at 615.  In this case, however, although the Court granted the County Defendants' motion to dismiss, that order did not dispose of the entire case.  Plaintiff still had pending claims against Officer Gramke and the Inner Circle nightclub.  The Court, moreover, did not enter a separate judgment under Fed. R. Civ. P. 58(a).  If an order of dismissal does not result in the disposition of the entire case, a final judgment has not been entered for purposes of Rule 59(e).  Simmerman v. Ace Bayou Corp., 304 F.R.D. 516, 518 (E.D.Ky. 2015); Fed. R. Civ. P. 54(b).  In such a case, the Courts concludes that a plaintiff only needs to meet the requirements of Fed. R. Civ. P. 15(a) in order to amend the complaint.  Since the Court did not enter a final judgment after granting the County Defendants' motion to dismiss, Plaintiff's motion to alter or amend judgment pursuant to Rule 59(e) is **MOOT.**

The Court will now consider whether Plaintiff should be granted leave to amend the complaint pursuant to Rule 15(a).  Rule 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires."  The court may, however, deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc."  Foman v. Davis, 371 U.S. 178, 182 (1962).  In this case, while the Court is aware of the general policy that a plaintiff is not entitled to an advisory opinion from the trial court on the pleading defects in his complaint, Begala v. PNC Bank, Ohio, Nat'l Ass'n, 214 F.3d 776,

6

783-87 (6th Cir. 2000), the Court concludes that justice requires granting Plaintiff leave to amend his complaint.

First, Plaintiff was not dilatory in moving to amend his complaint. He filed his motion to alter or amend judgment and motion for leave to amend less than a month after the Court granted the County Defendants' motion to dismiss and the case is still in its relative infancy.

Second, the County Defendants will not be unduly prejudiced if Plaintiff is granted leave to amend the complaint. The Court had already granted Plaintiff leave to amend in order to clarify a claim for deliberate indifference to his medical needs, so the individual defendants were still going to be subject to claims by Plaintiff even after the Court's dismissal of the original complaint. Presumably much of the discovery relevant to this claim will also be relevant to Plaintiff's excessive use of force claim. The County Defendants, therefore, will not be subjected to additional or more burdensome discovery responsibilities if Plaintiff is granted leave to amend. Additionally, at this point, the County Defendants have already filed a motion to dismiss the amended complaint that Plaintiff filed pursuant to Judge Bowman's order. That motion has been fully briefed. The County Defendants, therefore, have already assumed some of the additional burden that granting Plaintiff leave to amend would otherwise impose.

Third, and finally, the Court concludes that the overriding interests of justice require granting Plaintiff leave to amend his complaint. While the Court stands by its ruling that the original complaint only plausibly alleged that one of the deputies inadvertently struck Plaintiff with his baton, he was, nevertheless, allegedly severely and permanently injured by one or all of them. As discussed further below, the amended complaint does correct

at least some of the pleading deficiencies in the original complaint and raises substantial questions about the deputies' conduct. Given the severity of Plaintiff's injuries, and the nature of the conduct alleged in the amended complaint, justice requires granting Plaintiff leave to amend.

Accordingly, Plaintiff's motion for leave to amend the complaint is well-taken. To that extent, the County Defendants' objections to Judge Bowman's recommendation that Plaintiff be granted leave to amend are overruled.

### B. The County Defendants' Motion to Dismiss the Amended Complaint

#### 1. Excessive Use of Force

The Court concludes that the amended complaint plausibly states a claim against the individual deputies for excessive use of force. As indicated above, Plaintiff alleges that one of the deputies struck him in the head with a baton while breaking up a fight that did not involve him. The amended complaint alleges that Plaintiff was unarmed, unresisting, and did not pose any threat to the deputies. Amended Complaint ¶ 15. Moreover, the amended complaint alleges that one of the deputies struck him intentionally, for no legitimate or lawful reason, and incapacitated him. Id. These allegations are sufficient to state a Fourth Amendment claim against the deputies for excessive use of force. Cf. Coley v. Lucas County, 799 F.3d 530, 538-39 (6th Cir. 2015) (stating that a spontaneous or unprovoked blow by a police officer constitutes use of excessive force)(citing cases); Acevedo v. Canterbury, 457 F.3d 721, 724 (7th Cir. 2006)("A blow by a police office that immobilizes the recipient easily meets the [Fourth Amendment's] definition of a seizure. The fact that the restraint on the individual's freedom of movement is brief makes no difference.").

Accordingly, the deputies' motion to dismiss Plaintiff's excessive use of force claim is not well-taken and is **DENIED.**

### 2. Failure to Protect

The amended complaint still fails to state a claim that the other two deputies failed to protect Plaintiff from the other's use of excess force. As the Court stated in the prior order, a failure to protect claim must include factual allegations sufficient to plausibly infer that the defendant knew excessive force would be or was being used and that the defendant had both the opportunity and the means to prevent the harm from occurring. Amerson v. Waterford Twp., 562 Fed. Appx. 484, 489 (6th Cir. 2014). Plaintiff's allegation that the other two deputies "aided, abetted, encouraged, and condoned" the first deputy's use of excessive force is conclusory. Similarly, while the amended complaint alleges that the other two deputies knew that Plaintiff was peaceful and did not pose a threat to anyone, it still does not contain facts demonstrating that they had the opportunity and means to prevent the harm from occurring. The facts of the amended complaint only plausibly allege a spontaneous blow by one of the deputies that neither of the other two had an opportunity to prevent.

Accordingly, the deputies' motion to dismiss Plaintiff's failure to protect claim is well-taken and is **GRANTED.**

### 3. Deliberate Indifference to Serious Medical Needs

The amended complaint alleges that after one of the deputies struck Plaintiff in the head, he was lying unconscious and bleeding on the ground. The deputies then allegedly initially prevented any bystanders from assisting Plaintiff and then walked away without

providing or calling for medical assistance. Bystanders were then able to summon medical assistance after the deputies left the scene. Amended Complaint ¶¶ 15-18.

These allegations sufficiently state a claim that the deputies were deliberately indifferent to Plaintiff's serious medical needs. Two prior cases from the Sixth Circuit establish that law enforcement officers have a duty to render medical assistance to a person whom they have injured in the course of effecting a seizure and that they will be liable for deliberate indifference if they fail to provide such assistance. See Estate of Owensby v. City of Cincinnati, 414 F.3d 596, 603 (6th Cir. 2005) ("[E]ach officer viewed Owensby in significant physical distress, yet made no attempt to summon or provide any medical care until several minutes later . . . . This evidence is sufficient to demonstrate that each officer's failure to provide medical care to Owensby constituted a violation of the Fourteenth Amendment."); Jones v. City of Cincinnati, 521 F.3d 555, 560 (6th Cir. 2008) (complaint stated a claim for deliberate indifference where police officers failed to provide medical assistance to a suspect in custody whom they were aware had stopped breathing). The fact that bystanders ultimately were able to summon medical care for Plaintiff did not relieve the individual deputies of their obligation to assist him in the first instance.

Accordingly, the deputies' motion to dismiss Plaintiff's claim for deliberate indifference to serious medical needs claim is not well-taken and is **DENIED.**

### 4. Failure to Supervise

Plaintiff alleges that Hamilton County Sheriff's Department and/or the Sheriff is liable for inadequately supervising the individual deputies. The amended complaint alleges that the Sheriff knew or should have known that employing the individual deputies and allowing them to work private security details put the public at an unreasonable risk of the use of

excessive force by the deputies. In support of this allegation, the amended complaint alleges that Deputies Cotton and Berry had previously been sued for using excessive force by a plaintiff named Sarah Curry. The amended complaint also alleges "on information and belief" that the Sheriff's Department has previously disciplined Deputies Cotton and Berry for using excessive force. Amended Complaint ¶¶ 25-26. Notably, the amended complaint does not include any allegations concerning Deputy Nobles's past conduct or disciplinary record.

In order to hold a municipality liable under § 1983 for hiring and retaining a police officer, the plaintiff must plead facts demonstrating that the municipality disregarded a risk that it was highly likely that employing the particular officer would result in the officer causing the particular constitutional violation. Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 411-12 (1997). "The connection between the background of the particular [employee] and the specific constitutional violation must be strong." Id. at 412. In this case, the amended complaint still fails to plead facts sufficient to plausibly infer that that the Sheriff disregarded a risk that employing the individual deputies would result in their violating Plaintiff's right to be free from excessive force.

First, as already stated, the amended complaint contains no allegations whatsoever concerning Deputy Nobles's background and disciplinary record. Consequently, the amended complaint fails to provide any facts from which the Court can plausibly infer that the Sheriff disregarded a risk posed by Deputy Nobles.

Second, the Curry lawsuit at this point still only involves unproven allegations against Deputy Cotton. As the Court stated its earlier order, a "single, unresolved lawsuit is insufficient to establish that the County Defendants disregarded a risk that Cotton would

11

use excessive force against someone else." Doc. No. 13, at 12. Moreover, Deputy Cotton is the only defendant in that lawsuit, so it indicates nothing about any potential risk presented by Deputy Berry. See Curry v. Cotton, Case No. 1:13-CV-545 (S.D. Ohio). The Curry suit is simply insufficient to state a claim against the Sheriff for hiring and retaining Deputies Cotton and Berry.

Third, the amended complaint's conclusory allegation that Deputies Cotton and Berry had been disciplined in the past for using excessive force is insufficient to state a claim because it does not permit an inference that the Sheriff disregarded a "high risk" that these deputies would violate Plaintiff's right to be free from excessive force by striking him with a baton without any provocation. Brown, 520 U.S. at 411-12. The lack of specifics in this allegation fail to establish the strong connection between the deputies' background and the alleged constitutional violation that is required to impose municipal liability for hiring and retaining an employee. Id. at 412.

Accordingly, Defendants' motion to dismiss this claim is well-taken and is **GRANTED.**

### 5. Failure to Investigate/Ratification

Finally, the amended complaint alleges that the Sheriff's failure to investigate the deputies' conduct and to discipline them for it constitutes an official custom or policy of deliberate indifference to the use of excessive force by members of the Sheriff's Department. The Court concludes, however, that Plaintiff has failed to state a viable claim that the County or the Sheriff ratified the deputies' alleged use of excessive force.

Municipal ratification of an alleged constitutional violation can only occur through an official with final decision-making authority. Brown v. Chapman, 814 F.3d 447, 462 (6th Cir.

2016). A police department as an institution cannot ratify a police officer's unconstitutional conduct. Id. In this case, while the amended complaint alleges that an unnamed "representative of the Hamilton County Sheriff's Department" was informed that Plaintiff had alleged that a deputy had intentionally struck him on the head, and that neither the Sheriff nor the Sheriff's Department ordered an investigation, there are no allegations that the Sheriff himself was ever notified of Plaintiff's complaint. Notice of Plaintiff's complaint to the Sheriff's Department, and the Sheriff's Department's alleged failure to investigate the complaint, does not equate to the Sheriff's ratification of the alleged unconstitutional conduct. See id. ("Plaintiff does not name a final decisionmaker, but rather alleges that the Cleveland police department, as a whole, ratified the officers' conduct . . . . This is insufficient to establish the requisite degree of culpability."); see also D'Ambrosio v. Marino, 747 F.3d 378, 387-88 (6th Cir. 2014)(stating that a municipal policy of inaction or acquiescence requires actual or constructive notice of unconstitutional conduct); Feliciano v. City of Cleveland, 988 F.2d 649, 656 (6th Cir. 1993) (noting that ratification requires affirmative approval of the subordinate's conduct); Thelma D. By and Through Delores A. v. Board of Educ. of City of St. Louis, 934 F.2d 929, 933-34 (8th Cir. 1991) (holding that the knowledge of lower level school district employees of another employee's misconduct cannot be imputed to the school board because the result would be imposition of respondeat superior liability in contravention of Supreme Court precedent). Moreover, the amended complaint does not allege facts demonstrating that the Sheriff or the County had a pattern of conducting inadequate investigations into excessive force complaints. Burgess v. Fischer, 735 F.3d 462, 478-79 (6th Cir. 2013).

Leach v. Shelby County Sheriff, 891 F.2d 1241 (6th Cir. 1989), and Marchese v. Lucas, 758 F.2d 181 (6th Cir. 1985), the Sixth Circuit's two principal cases on municipal liability for ratifying a subordinate's unconstitutional conduct by failing to investigate or discipline the offending officers, are not to the contrary. In both cases, there were specific findings by the trial court that the sheriffs in both Leach and Marchese knew or should have known of their subordinate's unconstitutional conduct. Leach, 891 F.2d at 1247; Marchese, 758 F.2d at 184. In fact, in Marchese, the sheriff failed to conduct an investigation into his deputies' beating of the plaintiff despite being ordered to do by a state court judge. Marchese, 758 F.2d at 184. In this case, however, as already stated, the amended complaint fails to allege facts showing that the Sheriff had actual or constructive knowledge that one or more his deputies had allegedly used excessive force against Plaintiff. Without a final decision-maker's actual or constructive knowledge of the alleged unconstitutional conduct, there cannot be an official municipal policy amounting to ratification of the deputies' constitutional violation. Therefore, neither the Sheriff nor the County can be held liable under the theory that they ratified the deputies' alleged use of excessive force.

Accordingly, the County Defendants' motion to dismiss Plaintiff's claims against the Sheriff, the Sheriff's Department, and Hamilton County is well-taken and is **GRANTED.**

### C. Qualified Immunity

As this juncture of the case, the individual deputies are not entitled to qualified immunity on Plaintiff's excessive force and deliberate indifference to serious medical needs claims. As the Court's earlier discussion of these claims illustrates, it was clearly established at the time of the incident alleged in the amended complaint that a law enforcement officer would violate an individual's right to be free from excessive force by

14

striking him without provocation and for no legitimate law enforcement purpose. See, supra, at 8. A reasonable officer would have known this. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Anderson v. Creighton, 483 U.S. 635, 640 (1987). Similarly, it was clearly established at the time of the incident alleged in this case that law enforcement officers have a duty to either summon or provide medical assistance to an individual whom they have injured and that failing to do so would result in a violation of the individual's Fourteenth Amendment rights. See, supra, at 9-10. A reasonable officer would have known this as well.

Accordingly, the deputies' motion to dismiss these claims on the grounds of qualified immunity is not well-taken and is **DENIED.**

**IT IS SO ORDERED**

Date September 20, 2016              s/Sandra S. Beckwith
                                     Sandra S. Beckwith
                                     Senior United States District Judge