**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ALI PINEDA,                                      Case No. 1:15-cv-693

    Plaintiff,                                  Dlott, J.
                                                   Bowman, M.J

    v.

RAYMOND BERRY, *et al.*,

    Defendants.

**ORDER**

This civil action is now before the Court on Plaintiff's motion for sanctions (Doc. 105) and the parties' responsive memoranda. (Docs. 108, 110).

Plaintiff asks the court to order appropriate sanctions against Defendants, Deputy William Cotton ("Deputy Cotton") and the Hamilton County Sheriff's Department ("HCSD") for committing fraud on the court by rendering false testimony and manufacturing a document purported to be an official record of the events giving rise to this lawsuit.

Notably, during discovery, in the deposition of Deputy William Cotton, he referenced that in addition to the official National Incident Based Reporting System ("NIBRS") report prepared by the Cincinnati Police Department ("CPD") regarding the November 10, 2013, he created another report on his own initiative. Deputy William Cotton testified that he prepared the report approximately two days following the events giving rise to this action. Referenced as Exhibit 30, this document consisted of a hand-written narrative in which Deputy Cotton, as the reporting officer, supplied his alleged

1

version of the events which occurred on November 13, 2013. Exhibit 30 contains no date as to when it was written by Deputy Cotton; nor when it was submitted to a superior officer; nor when it was submitted to Mr. Kunkel for inclusion in the prelitigation file. Moreover, according to Lieutenant David Downing, who testified on behalf of the HCSD as that party's 30(b)(6) Designee, there is nothing about Exhibit 30 which on its face reflects that it was prepared in adherence to any official policy of the HSCD. (Doc. 100, PageID 1586-87).

Plaintiff contends that this report was not provided by Hamilton County Sheriff's Department (HCSD) in response to Plaintiff's public record request prior to initiating this lawsuit, nor was it supplied by Defendants in a timely response to a request for production of documents during discovery. The report allegedly "surfaced" on or about December 18, 2017 when defense counsel was checking their files following Deputy Cotton's deposition in July 2017 when he first made mention of the report.

The Court became aware of this issue when Plaintiff requested leave to depose Jerry Kunkel, a member of the Hamilton County legal department regarding a purported National Incident Base Reporting System (NIBRS) Report. Following a telephone conference, the Court issued an Order denying Mr. Pineda's request to depose Mr. Kunkel. (Doc. 80, PageID 1313-14). Subsequent to that order, however, Mr. Pineda deposed additional officers regarding their knowledge of the NIBRS report. None of them testified as having any knowledge of Exhibit 30. As such, Plaintiff contends that this report is not authentic and necessarily constitutes a fraud on the court as Deputy Cotton's purpose in creating it was to present the false impression that Exhibit 30 constitutes a contemporaneously created record of what took place in 2013.

Plaintiff argues that the actions of Deputy Cotton and HCSD, respectively, by creating and by tacitly representing that Exhibit 30 is an official government record documenting the events surrounding Plaintiff's injuries constitutes a fraud on the court warranting the sanction of a default judgement and an award of attorney's fees in favor of Mr. Pineda. Plaintiff's contention is not well-taken.

Rule 37(d), Fed. R. Civ. P., provides for sanctions when a party fails to attend his own deposition or to provide complete responses to written discovery requests. In general, the rule provides for sanctions if a party "after being properly served with interrogatories ... or a request for inspection ... fails to serve its answers, objections, or written response." *Id.* at (d)(1).

According to Defendants, what Mr. Cotton had filled out was a supplement to a NIBRS report called a Narrative/Statement Form. Cotton created a report on his own initiative, despite not being requested or required to do so by any supervisor or any policy of the HCSD. (Doc. 95, Cotton Depo at PageID 1441). Deputy Cotton has never represented that his report was created for any official purpose or that it serves as an official document of the HCSD. *Id.*

At the time of both the discovery responses and Deputy Cotton's Response to the Request for Admissions, the HCSD was not a party to this lawsuit. Neither Sheriff Neil nor the HCSD have made any representations in regards to this document, and as demonstrated by statements made in the various depositions cited by Plaintiff, certainly never "vouched" for this document. This is not an official document of the HCSD and there is no intention to offer it at a trial. This document was overlooked as it was not the official NIBRS report and not requested or created on behalf of any HCSD supervisor or

policy. It was provided in response to a request for admissions directed only at Deputy William Cotton.

Defendants further note that given the existence of the policy of only one NIBRS report being created for a particular incident, and in this case, it was created by the Cincinnati Police Department, when preparing Discovery responses this document was overlooked. When brought to counsel's attention by Plaintiff's counsel in a Request for Admissions the document was located in Mr. Kunkel's pre-litigation file and provided to Plaintiff, all before the discovery cut-off. The pre-litigation file has also been provided at the request of Plaintiff's counsel. It is the policy of the HCSD that since the incident did not occur in County jurisdiction it was the responsibility of the CPD on the scene to create any reports on the incident. (*See* Doc. 65, at PageID 835).

In light of the foregoing, the undersigned finds that Defendants did not commit fraud or fabricate evidence in support of their claims. As such, Plaintiff's motion for sanctions (Doc. 105) is not well-taken under the circumstances and is herein **DENIED.**

**IT IS SO ORDERED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge